IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:16-cr-00047-TMB |
| vs. | |
| WILLIAM MICHAEL ROSARIO, | **ORDER** |
| Defendant. | |

## I. INTRODUCTION

The matter comes before the Court on the Defendant William Michael Rosario's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (the Motion) at Docket 411.[1] The Government filed a response in opposition at Docket 419. For the reasons discussed below, the Motion is **DENIED**.

## II. BACKGROUND

On December 20, 2018, Mr. Rosario was sentenced to 120 months' incarceration, followed by five years' supervised release for Drug Conspiracy.[2] Mr. Rosario currently is incarcerated at FCI Fort Dix in New Jersey, and his sentence is

---

[1] Mr. Rosario filed two supplements to his Motion at Dockets 422 and 423.
[2] Docket 395 at 2 (Sealed).

projected to end on January 12, 2026.³ Mr. Rosario argues that his sentence should be reduced to 90 months because "his lawyer's ineffective assistance of counsel [] prevented him from taking advantage of a significant sentencing benefit conferred by the First Step Act, in combination with . . . his contraction of COVID-19 and unnecessary suffering while in Bureau of Prisons custody, as well as his rehabilitative efforts."⁴ The Government responds that Mr. Rosario's Motion should be denied because he has not exhausted his administrative remedies and has not shown extraordinary and compelling reasons to justify a reduction in sentence, and because the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence.⁵

  Mr. Rosario filed previous motions for compassionate release at Dockets 390 and 398.⁶ In Mr. Rosario's first motion for compassionate release, he argued that the current conditions of confinement put him at risk of contracting COVID-19 in violation of the Eighth Amendment, and the failure to release him in light of such risk violated his due process rights.⁷ The Court denied this motion, finding that it did not have jurisdiction to rule on Mr. Rosario's Constitutional claims, but also that, because he did not belong to a vulnerable age group or suffer from an underlying medical condition, he did not show extraordinary and compelling reasons warranting release.⁸ In a subsequent motion for

---

³ Docket 419 at 2.
⁴ Docket 411 at 14.
⁵ Docket 419 at 3–9.
⁶ Mr. Rosario additionally filed an "Emergency Motion for Home Confinement Pursuant to [Eighth] Amendment of the U.S. Constitution," which is partially stylized as a motion for compassionate release, at Docket 397.
⁷ Docket 390 at 14.
⁸ Docket 396 at 4–5.

*United States v. Rosario*   Case No. 3:16-cr-00047-TMB
Order   Page 2
Case 3:16-cr-00047-TMB   Document 425   Filed 10/15/21   Page 2 of 6

compassionate release, Mr. Rosario argued that his contraction of COVID-19 while incarcerated presented extraordinary and compelling circumstances warranting his release to home confinement.[9] The Court again denied his motion, this time finding that Mr. Rosario did not properly exhaust his administrative remedies when he relied on a previous request to the warden, and did not make a new request in light of changed circumstances.[10]

### III. LEGAL STANDARD

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[11] After considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."[12] The Sentencing Commission's policy statement related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides four categories of "extraordinary and compelling reasons" that may warrant relief: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) "other reasons."[13] Furthermore, a court may

---

[9] Docket 398 at 5.
[10] Docket 403 at 4.
[11] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[12] 18 U.S.C. § 3582(c)(1)(A).
[13] U.S.S.G. § 1B1.13.

*United States v. Rosario*  Case No. 3:16-cr-00047-TMB
Order  Page 3
Case 3:16-cr-00047-TMB   Document 425   Filed 10/15/21   Page 3 of 6

grant relief only if it determines "the defendant is not a danger to the safety of any other person or to the community."[14]

## IV.  ANALYSIS

As a threshold matter, this Court may consider Mr. Rosario's Motion only if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by warden of the defendant's facility[.]"[15]  Mr. Rosario argues that he submitted a request for reduction in sentence to the warden of his facility, and that request was denied on March 16, 2021.[16]  Mr. Rosario attached a copy of the warden's denial to his Motion, which states that the request was not considered because Mr. Rosario did not "seek release under any of the enumerated categories."[17]  Mr. Rosario later filed a supplement to his Motion, which contains an email addressed to the warden of his facility requesting compassionate release due to ineffective assistance of counsel, his contraction of COVID-19, and clean disciplinary record.[18]  That email is dated July 12, 2021.[19]  In response to that email, the warden sent a letter dated July 30, 2021, denying Mr. Rosario's request, again stating that the request was not considered because Mr. Rosario did not seek compassionate release under a statutorily enumerated category.[20]

---

[14] *Id.*
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] Docket 411 at 9.
[17] Docket 411-1.
[18] *See* Docket 422-1.
[19] *Id.*
[20] *See* Docket 422-3.

*United States v. Rosario*  Case No. 3:16-cr-00047-TMB
Order  Page 4
Case 3:16-cr-00047-TMB   Document 425   Filed 10/15/21   Page 4 of 6

It is unclear to the Court on which denial from the warden Mr. Rosario is relying to show that he has exhausted administrative remedies, but neither are sufficient. The Ninth Circuit has found that requests for compassionate release were insufficient to meet § 3582(c)(1)(A)'s exhaustion requirement where the defendant "made no mention" of the specific grounds for compassionate release in his request to the warden.[21] Citing to 28 C.F.R. § 571.61(a), the Ninth Circuit noted that an "inmate's request to the BOP must be submitted to the warden and, at a minimum, contain the 'extraordinary or compelling circumstances that the inmate believes warrant consideration.'"[22] Further, other district courts in this Circuit have concluded that a defendant's request to the warden must specify the bases for compassionate release before the defendant can assert those bases in a motion to a district court.[23] With regard to the March 16, 2021, denial letter, it is unclear to what extraordinary and compelling circumstances Mr. Rosario cited in making this request. The denial letter itself does not state the requested considerations, and Mr. Rosario has not shown a copy of his original request to the warden.[24] This Court cannot excuse

---

[21] *United States v. Rice*, 848 Fed. App'x 320, 321 (9th Cir. 2021).
[22] *Id.*
[23] *See, e.g.*, *United States v. Roueche*, Case No. CR07-344RSL, 2021 WL 2778577, at *4 (W.D. Wash. July 2, 2021) ("[I]t would be contrary to the purpose of the exhaustion requirement to permit any request to the Warden to satisfy a defendant's exhaustion obligations."); *United States v. Chavez-Zarate*, No. 1:98-cr-05149-NONE, 2020 WL 5095936, at *4 (E.D. Cal. Aug. 28, 2020) ("In order to exhaust his administrative remedies in this regard, a defendant must have requested compassionate release from BOP on similar grounds asserted in his or her motion filed with the court."); *United States v. Mogavero*, Case No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden."); *United States v. Greenhut*, No. 2:18-CR-00048-CAS, 2019 WL 6218952, at *2 (C.D. Cal. Nov. 21, 2019) (finding that exhaustion was not satisfied where the defendant's request to BOP was based on "non-medical grounds," but the motion filed with the court was based on medical grounds).
[24] Mr. Rosario included copies of his previous requests for compassionate release, but, as the Court previously has noted, these are insufficient to satisfy the exhaustion requirement where a defendant is requesting compassionate release for different reasons. *See* Docket 403 at 4.

Mr. Rosario's burden to show that he properly complied with 18 U.S.C. § 3582(c)(1)(A)'s administrative exhaustion requirement.

Although Mr. Rosario can show that he articulated the bases for his current compassionate release request in an email dated July 12, 2021, to the warden, Mr. Rosario's current Motion was filed on June 14, 2021, several weeks before the request was made and over a month before the warden's denial letter was received on July 30, 2021.[25] The Ninth Circuit recently "clarif[ied] that a district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement," which it has done here.[26] Mr. Rosario's Motion simply does not comply with the statutory requirements, and the Court declines to excuse Mr. Rosario's failure to exhaust administrative remedies, particularly where the Government has objected.[27]

Accordingly, the Motion at Docket 411 is **DENIED** without prejudice.[28]

IT IS SO ORDERED this 15th day of October, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[25] See Dockets 411; 422-1; 422-3.
[26] See United States v. Keller, 2 F.4th 1278, 1280 (9th Cir. 2021).
[27] See id. at 1282 ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked.").
[28] Mr. Rosario is permitted to pursue compassionate release again in the future should he show that he has properly met the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).

United States v. Rosario  Case No. 3:16-cr-00047-TMB
Order  Page 6
Case 3:16-cr-00047-TMB   Document 425   Filed 10/15/21   Page 6 of 6